Filed 5/6/21  P. v. Mangrum CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER TODD MANGRUM,<br><br>        Defendant and Appellant. | A161064<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-1895937) |

**MEMORANDUM OPINION**[1]

In 2019, Christopher Todd Mangrum pled no contest to possessing a firearm while under the influence (Health & Saf. Code, § 11550, subd. (e)) and misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).  Mangrum also admitted a prior conviction for driving with a suspended license within the previous five years (Veh. Code, § 14601.1, subd. (b)(2)).  The trial court suspended execution of sentence and placed Mangrum on probation for three years.  In July 2020, the court determined Mangrum

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.  Undesignated statutory references are to the Penal Code.

1

violated probation. It revoked and reinstated the three-year term of probation. Mangrum appealed.

When Mangrum was placed on probation, section 1203.1, subdivision (a) authorized the court to impose felony probation for up to five years. (Former § 1203.1, subd. (a).) While this appeal was pending, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) took effect. (Stats. 2020, ch. 328, § 2.) It amended section 1203.1 and reduced the maximum probationary term for most felony offenses to two years. (§ 1203.1, subds. (a) & (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879.) Mangrum contends—and the Attorney General agrees—Assembly Bill No. 1950 "should be applied retroactively to reduce [his] period of probation from three years to two." (*Quinn*, at p. 881; *People v. Stewart* (Apr. 7, 2021, A157857) __ Cal.App.5th __ [2021 Cal.App. Lexis 301.) We accept the Attorney General's concession and reduce Mangrum's probationary term to two years.

We reject the Attorney General's request to remand the case for "the trial court to address the probation term." (Cf. *People v. Sims* (2021) 59 Cal.App.5th 943, 947, 964 [remanding].) Doing so would waste scarce judicial resources. Nothing in our opinion precludes either party from moving to modify the length or terms of probation in the trial court. (See *People v. Quinn, supra,* 59 Cal.App.5th at p. 885, fn. 6.)

**DISPOSITION**

The trial court is directed to modify the July 30, 2020 minute order to reflect the imposition of a two-year term of formal probation and to notify the Mendocino County Probation Department of the modification. In all other respects, the judgment is affirmed.

_____
Rodriguez, J.*

WE CONCUR:


_____
Simons, Acting P. J.


_____
Needham, J.



A161064


_____
&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3